UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas Daniel Rhodes,

      Petitioner,

v.                                                     Civil No. 17-4025 (JNE/BRT)
                                                    ORDER

Michelle Smith, Warden,

      Respondent.

On July 6, 2017, the Eighth Circuit Court of Appeals authorized Petitioner Thomas Daniel Rhodes to file a successive habeas corpus application in district court. ECF No. 2, Bradford Decl., Ex. 1. On August 29, 2017, Rhodes petitioned this Court for a writ of habeas corpus. ECF No. 1. After a hearing on March 21, 2018, the Honorable Becky R. Thorson, United States Magistrate Judge, issued a report and recommendation ("R&R"). ECF No. 21. In the R&R, Magistrate Judge Thorson advised the Court to deny Rhodes's petition for a writ of habeas corpus but grant Rhodes's request for a certificate of appealability ("COA"). *Id.* Rhodes raised three objections to the R&R. ECF No. 25. The State also raised three objections to the R&R. ECF No. 26. Rhodes then responded to the State's objections. ECF. No 27. The Court reviews the parties' objections de novo. *See* Fed. R. Civ. P. 72(b)(3). The facts and procedural history of this matter are set forth in the R&R and will not be repeated here. For the following reasons, the Court adopts the R&R in full.

## I. Rhodes's Objections

Rhodes argues that the Court's § 2244(b)(2)(B)(ii) analysis must be limited to the evidence produced at trial and the new evidence proffered by the petitioner. For that reason, Rhodes objects to the R&R's consideration of an affidavit from Dr. McGee, dated June 30, 2014, in which Dr. McGee reaffirmed that "the opinions and conclusions in the testimony [he] provided at [Rhodes's] trial and postconviction evidentiary hearing were correct as [it] relates to the death of [the Victim]." ECF No. 8, Ex. 5, ¶ 13, Affidavit of Dr. Michael McGee.

The Court can consider Dr. McGee's 2014 affidavit for at least two reasons. First, nothing in the plain language of § 2244(b)(2)(B)(ii) limits the Court's inquiry to evidence proffered by the habeas petitioner. *See Nooner v. Hobbs*, 689 F.3d 921, 933 (8th Cir. 2012) ("The phrase 'evidence as a whole,' as used in § 2244(b)(2)(B)(ii), refers to the entirety of the trial evidence as well as new evidence offered in the collateral proceedings."); *Case v. Hatch*, 731 F.3d 1015, 1034 (10th Cir. 2013). And Rhodes has not cited cases interpreting § 2244(b)(2)(B)(ii) to the contrary. Second, Dr. McGee's affidavit addresses the "reports, affidavits, and scientific journal articles" that underlie Rhodes's due process claim based on advancing forensic science. ECF No. 8, Ex. 5. Dr. McGee's 2014 affidavit is therefore rooted in the constitutional errors that allegedly occurred at trial. *See Case*, 731 F.3d at 1038 (holding that the § 2244(b)(2)(B)(ii) factual universe "does not encompass new facts that became available only after trial and that are not rooted in constitutional errors occurring during trial"). For these reasons, the Court

may consider Dr. McGee's 2014 affidavit to ascertain whether it has jurisdiction over Rhodes's habeas petition pursuant to § 2244(b)(2)(B)(ii).

Rhodes also objects to the R&R's consideration of the "equivocal language" included in some of Rhodes's newly proffered expert reports. *Id.* Any rebutting or weighing of new evidence, Rhodes contends, can only occur at a new trial or evidentiary hearing. ECF No. 25. This objection is unpersuasive. Under § 2244(b)(2)(B)(ii), the Court considers the facts underlying petitioner's claim as if they have been proven. But when deciding if those facts show "by clear and convincing evidence" that no reasonable factfinder would have convicted petitioner, the Court may consider weaknesses or inconsistences in the newly proffered evidence. *See Nooner*, 689 F.3d at 935-36 (examining credibility of witness statements and expert testimony proffered in successive habeas application pursuant to § 2244(b)(2)).

Rhodes also objects to the R&R's conclusion that "even with the new evidence there is sufficient evidence to sustain the conviction." ECF No. 25. In support of this objection, Rhodes merely restates arguments raised in his habeas petition, which the R&R addressed. Accordingly, for the reasons provided in the R&R and the reasons stated above, all of Rhodes's objections are overruled.

**II.      The State's Objections**

The Court overrules the State's objections for the following reasons, in addition to the reasons provided in the R&R.

### a. Same or Different Claims under 28 U.S.C. §§ 2244(b)(1), (2)

The R&R presumed that new scientific evidence related to drowning forensics differentiates Rhodes's due process claim from the due process claim Rhodes presented in his first federal habeas petition. The State objects to this presumption. ECF No. 26. The Court overrules the State's objection.

Under § 2244(b)(1) a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." *See Wainwright v. Norris*, 121 F.3d 339, 340 (8th Cir. 1997) (dismissing the due process claim in second habeas petition because the same due process claim was presented in first habeas petition). But dismissal under § 2244(b)(1) is not required for a claim predicated on different facts. *See Engesser v. Dooley*, 686 F.3d 928, 935 (8th Cir. 2012) (holding that § 2244(b)(1) did not bar an ineffective assistance of counsel claim predicated on different "specific facts" than an ineffective assistance of counsel claim petitioner presented in first habeas petition); *see also McDonald v. Bowersox*, 125 F.3d 1183, 1185-86 (8th Cir.1997) (considering "factual predicate" to determine whether claim had been previously presented and therefore required dismissal under § 2244(b)(1)). Like in *Engesser*, Rhodes's claim relies on new scientific evidence that differentiates his claim from past claims for purposes of § 2244(b)(1). The R&R addresses Rhodes's new scientific evidence and articulates how that evidence distinguishes Rhodes's due process claim from the claims he asserted in his first federal

habeas petition. *See* ECF No. 21. The Court therefore overrules the State's first objection.

### b. Certificate of Appealability

In order to obtain a COA on a claim that was denied on procedural grounds, the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The State objects to Magistrate Judge Thorson's recommendation that a COA should issue and argues that jurists of reason could not disagree with the Court's procedural ruling or that Rhodes has not failed to show a denial of a constitutional right. The Court overrules the State's objections.

Reasonable jurists could find it debatable whether the Court's procedural ruling is correct and whether Rhodes has shown that he was denied a constitutional right, as evidenced by the dissent in *Rhodes v. State*,[1] as well as the Eighth Circuit's order authorizing Rhodes's second federal habeas pursuant to 28 U.S.C. § 2244(b)(3). *See* ECF No. 2, Ex. 1; *see also Case*, 731 F.3d at 1026 n.3 (noting that an unpublished order authorizing second habeas petition did not have precedential effect on subsequent

---

[1] 875 N.W.2d 779, 792 (Minn. 2016) (Anderson, J., dissenting) ("Rhodes has alleged the existence of evidence that, if true and considered in the light most favorable to the petition, would establish by a clear and convincing standard that no reasonable jury would have convicted Rhodes had the newly discovered evidence been presented at trial.").

§ 2244(b)(2)(B) analysis but could be considered for its persuasive value). The Court will therefore issue a COA as to its § 2244(b)(2)(B)(ii) analysis.

The State notes in its objections that "the magistrate judge recommended the COA only on the analysis under § 2244(b)(2)(B)(ii), and not on any of the other issues, including that the petition was untimely and procedurally defaulted, and the actual innocence exception does not apply." ECF No. 26. The Court does not need to address these additional procedural and timeliness defects. If the Eighth Circuit finds that Rhodes establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense—thereby satisfying § 2244(b)(2)(B)(ii)—it follows that the Court could excuse procedural and timeliness defaults in Rhodes's habeas petition. Under *Schlup v. Delo*, a procedural default is excused if the facts underlying the petitioner's claim, "more likely than not," would have resulted in any reasonable jury being unable to convict the petitioner. *See* 513 U.S. 298, 323-30 (1995). Section 2244(b)(2)(B)(ii) sets up the same test but raises the petitioner's burden of proof, requiring "clear and convincing" evidence of innocence instead of a preponderance of the evidence. *See Gage v. Chappell*, 793 F.3d 1159, 1168 (9th Cir. 2015). Thus, if Rhodes carries the "clear and convincing" burden under § 2244(b)(2)(B)(ii), he necessarily carries the "more likely than not" standard under *Schlup*, permitting the Court to consider the merits of an otherwise procedurally defaulted claim. Rhodes would similarly be able to overcome timeliness defaults. *See McQuiggin v. Perkins,* 133 S. Ct. 1924, 1935-36 (2013) (holding that a *Schlup* actual innocence

showing provides a gateway past the AEDPA statute of limitations). In short, Rhodes's second habeas petition hinges on the § 2244(b)(2)(B)(ii) analysis.

The Court thus adopts the R&R. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Rhodes's Petition for a Writ of Habeas Corpus, ECF No. 1, is DENIED.

2. A certificate of appealability is GRANTED, consistent with the Report and Recommendation.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 29, 2018

    s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge